Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ITZEL GARCÍA CATALÁN<br><br>Peticionaria<br><br>v.<br><br>PEDRO ANTONIO ROSA RIVERA<br><br>Recurrido | KLCE202300041 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil núm.: SJ2022RF01357 (705)<br><br>Sobre: Divorcio |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de enero de 2023.

El Tribunal de Primera Instancia ("TPI") acogió una estipulación sobre el monto y la fecha de efectividad de una pensión alimentaria provisional (1 de noviembre de 2022, o 12 días luego de presentada la demanda de referencia). En el ejercicio de nuestra discreción, declinamos la invitación de la peticionaria a modificar el dictamen recurrido a los fines de hacer la pensión provisional efectiva en una fecha anterior a la acordada por las partes y acogida por el TPI, y también declinamos intervenir con la discreción del TPI al abstenerse de ordenar al recurrido que pagase una cuantía por honorarios de abogado.

I.

La acción de referencia, sobre divorcio, custodia y alimentos (la "Demanda"), se presentó el 20 de octubre de 2022 por la Sa. Itzel García Catalán (la "Esposa") contra el Sr. Pedro Antonio Rosa Rivera (el "Esposo").

Poco después, el 8 de noviembre, y en una vista ante la Examinadora de Pensiones Alimentarias (la "Examinadora"), y según el *Informe de Estipulación Pensión Alimentaria Provisional* (el

"Informe") emitida por esta, las "partes acordaron voluntariamente" lo siguiente (énfasis suplido):

1. El padre alimentante proveerá una Pensión Alimentaria Provisional, para beneficio de los menores habidos entre las partes, la suma de $2,100.00 mensuales, pagadera a razón de $1,050.00 quincenales (los días 15 y 30 de cada mes), **efectiva al 1 de noviembre de 2022**.

2. Con este pago la demandante pagara directamente, el pago mensual de la hipoteca del hogar.

3. Los gastos de matrícula, uniformes, libros, materiales escolares serán atendidos en proporción 60% el padre y 40% la madre. La parte demandante solicitó para estos gastos esta porción en la Pensión Alimentaria Provisional y la recomendamos y estipularon.

4. La madre provee el plan médico. Cada padre atenderá al 50% todo gasto médico n[o] cubierto por el plan médico, mayor de $50.00.

5. La pensión alimentaria será depositada en cuenta bancaria de la demandante de Banco Popular de Puerto Rico. Posteriormente, se abrirá cuenta en ASUME.

6. **No se está computando deuda o crédito de retroactividad de pensión alimentaria en este momento.**

El 21 de noviembre, el TPI notificó una *Resolución* aprobando el Informe (la "Resolución"). A tales efectos, el TPI dispuso (énfasis suplido):

[…] según estipulado, se fija una Pensión Alimentaria Provisional a beneficio de los menores, […] por la cantidad de $2,100.00 mensuales, pagadera a razón de $1,050.00 quincenales (los días 15 y 30 de cada mes), efectiva al 1 de noviembre de 2022.

[…]

**No se está computando deuda o crédito de retroactividad de pensión alimentaria en este momento, hasta la determinación final**.

El 6 de diciembre, la Esposa solicitó la reconsideración de la Resolución. Planteó, en lo pertinente, que la pensión provisional debió imponerse retroactivo, no al 1 de noviembre, sino a la fecha

de la presentación de la Demanda (20 de octubre); además, planteó que el TPI debió imponerle el Esposo el pago de honorarios de abogado.

El Esposo se opuso a la referida moción de reconsideración. Adujo que cualquier retroactivo al 20 de octubre debía aguardar por la fijación de la pensión final. Además, expuso que, en la vista ante la Examinadora, "claramente se indicó que las razones del por qué no se iba a computar … retroactivo en ese momento se basó en la alegación del padre alimentante de que este ya había pagado la vasta [sic] mayoría de los gastos de los menores hasta la fecha del 31 de octubre de 2022, e **imputarle en ese momento una alegada deuda por concepto de retroactividad era exponerlo a un posible pago doble**". Apéndice a la pág. 44 (énfasis en original). En cuanto a los honorarios de abogado, el Esposo planteó que la Esposa no los solicitó a la Examinadora y que, de todas maneras, este asunto no debía considerarse hasta que se fijase la pensión final. En esencia, se opuso a que se pretendiese "variar los acuerdos a través de una moción de reconsideración".

Luego de que la Examinadora así lo recomendase, el TPI denegó la moción de reconsideración presentada por la Esposa, ello mediante una Resolución notificada el 15 de diciembre.

Inconforme, 17 de enero[1], la Esposa presentó el recurso que nos ocupa; señala que erró el TPI:

> 1) al establecer una pensión alimentaria provisional a partir del 1 de noviembre de 2022 en vez del 20 de octubre de 2022 que fue la fecha en que se solicitó y a tenor con la norma de derecho que dispone que las pensiones alimentarias serán retroactivas a la fecha en que se solicitaron.

> 2) al no imponer el pago de honorarios a favor de la parte alimentista a tenor con el Artículo 22 de la Ley Orgánica de la Administración para el Sustento de Menores, mejor conocida como ASUME, 8 L.P.R.A. sec. 521.

---

[1] Día laborable en el Poder Judicial siguiente al viernes 13 de enero.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari*; al respecto, dispone, en lo pertinente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. […]

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40 ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de

un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegación, o desestimación, de una petición de expedición del auto de *certiorari* no impide a la parte afectada reproducir su planteamiento en apelación. *Torres Martínez, supra.*

III.

Aunque no está claro si podríamos expedir el auto solicitado bajo los términos de la Regla 52.1, *supra,* no es necesario resolver al respecto en este caso, ello porque hemos determinado, en el ejercicio de la discreción que nos confiere la Regla 40, *supra,* no intervenir con la *Resolución.*

En cuanto a la fecha de efectividad de la pensión provisional, consideramos razonable la decisión del TPI, a la luz del propósito que tiene la fijación de dicha pensión y del hecho de que ambas partes estipularon la cuantía y fecha de vigencia de la misma. Más aún, tanto el TPI como la Examinadora resaltaron que, una vez se fijase una pensión final, la misma sería retroactiva al 20 de octubre

de 2022, y ese sería el momento para computar la deuda o crédito correspondiente.

En cuanto al asunto de los honorarios, no podemos concluir que el TPI hubiese abusado de su discreción al denegarlos en las particulares circunstancias de este caso. En primer lugar, y contrario a lo que plantea la Esposa, la imposición de dichos honorarios cuando se fija una pensión provisional no es obligatoria, contrario a lo que ocurre cuando se fija una pensión final.

En efecto, el Artículo 22(2) de la Ley de Sustento de Menores establece que el TPI "podrá" imponer al alimentante el pago de honorarios de abogado a favor del alimentista al fijarse una pensión provisional. 8 LPRA sec. 521(2). Ello en contraste con el inciso (1) del referido artículo, el cual establece que se "deberá[n]" imponer honorarios a favor del alimentista cuando este prevalece en cuanto a la "fijación, modificación o para hacer efectiva una orden de pensión alimentaria". 8 LPRA sec. 521(1).

En segundo lugar, pesa en nuestro ánimo que la pensión se fijó como resultado de una estipulación en una vista realizada menos de un mes luego de presentada la Demanda, por lo cual el TPI podía razonablemente considerar que el costo o tiempo invertido para alcanzar el acuerdo no justificaba la concesión de honorarios. Ello especialmente ante el hecho de que, al formalizarse dicho acuerdo, la Esposa no solicitó la imposición de honorarios.

Así pues, al no surgir de la *Resolución* algún error de derecho o abuso de discreción, y al no estar ante algún fracaso de la justicia o alguna determinación fáctica claramente errónea, no se justifica nuestra intervención. Regla 40(A), 40(C) y 40(G), *supra*.

IV.

Por los fundamentos antes expuestos, se deniega el auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones